UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELICIA GROSS,                                          Civil Action No._____

     Plaintiff,                                      **COMPLAINT**

          v.                                   **[DEMAND FOR JURY]**

DAVID DERHAGOPIAN.

     Defendant,

---

Plaintiff, Felicia Gross, by and through her attorneys, Joseph J. Fell, Esq., of the firm of Harold P. Cook, III, Esq. and Associates, for and by her Complaint against Defendant, David Derhagopian alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1) (diversity) because the Plaintiff, Felicia Gross and the Defendant, David Derhagopian are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.     Plaintiff, Felicia Gross is an individual and resident of the State of New York, residing at 41 Lake Street, Goldens Bridge, New York 10526.

3.     Defendant, David Derhagopian is a resident of the State of Florida residing at 1761 Pinetree Road, Winter Park, Florida 32789, who may be served with process at that address.

### GENERAL ALLEGATIONS

4.     In or about 1990, Plaintiff was approached by Defendant whereby and wherein Defendant solicited the sale and purchase to Plaintiff, of certain shares of stock in connection with Entec Resins Corp.,

("Entec") which shares of stock had been issued by Entec and thereafter tendered over to Defendant. At this time, Plaintiff purchased from Defendant a twenty (20%) percent share of Entec stock.

5.      Thereafter, over the course of the years which followed, Plaintiff then transferred approximately three (3%) percent of Plaintiff's initial twenty (20%) percent shares of Entec stock to certain and various Entec employees therewith leaving Plaintiff with a resulting seventeen (17%) percent share of Entec stock.

6.      Despite occasional and periodic requests from Plaintiff to Defendant for Defendant to tender to Plaintiff the actual and physical shares of Entec stock, Defendant failed to ever do so. Notwithstanding the same however, Defendant as sole shareholder to Entec issued annually to Plaintiff IRS Forms K-1, which K-1 Forms reflected and memorialized that fact that Plaintiff maintained and held a twenty (20%) percent shareholder ownership interest in Entec.

7.      In accordance with Plaintiff's twenty (20%) percent ownership interest, in Entec, as described herein, during the normal course of business operations of Entec - Defendant over the years to follow, regularly made profit related distributions, annually for the benefit of Plaintiff, the same of which were specifically related to Plaintiff's twenty (20%) percent Entec ownership interest. The profit disbursements as described herein, were made into a segregated financial account designated for the benefit of Plaintiff. The balance in connection with the segregated account varied from time to time, with the account balance growing to a sum in excess of two million dollars ($2,000,000.00).

8.      Thereafter, in or about 2008, Defendant approached Plaintiff and explained that he [Defendant] had successfully negotiated with a third-party purchaser for the sale and purchase of the Entec business - the sale of which required and included the necessary transfer of all of those shares which were designated and previously issued to Plaintiff, although such shares were held by Defendant.

9.      In consideration for Plaintiff's agreement to permit and allow Defendant to proceed forward with the sale of the Entec business, it was agreed between Plaintiff and Defendant that Plaintiff's then

seventeen (17%) percent shares of Entec, then valued in connection with the sale at the sum of three million three hundred thousand dollars ($3,300,000.00), would be sold to Defendant for the same valued price.

10.     By further agreement of the parties, it was agreed that Plaintiff's entitlement and receipt of the $3,300,000.00 [due to Plaintiff from Defendant] would be paid [directly from Defendant to Plaintiff] to Plaintiff no later than January of 2013 - the estimated date upon which the Defendant was scheduled to retire from the Entec business and the same date of which monies in connection with the sale of the Entec business were scheduled to have been fully paid by the Entec purchaser to Defendant.

11.     In January of 2013, Defendant did in-fact retire from the Entec business and further within the month of January 2013, Defendant received full and complete payment from the purchaser of the Entec business in connection with sale and purchase of the business - a portion of which monies included Plaintiff entitlement to the agreed upon $3,300,000.00.

12.     Despite demands from Plaintiff to Defendant in connection with the payment of the monies due to Plaintiff, from Defendant, in the sum of $3,300,000.00, Defendant refused and continues to refuse to satisfy Defendant's financial obligation to Plaintiff.

## COUNT I - BREACH OF CONTRACT

13.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained within Paragraphs 1 through and including 12 herein as though each such allegation was set forth at length herein.

14.     The acts of Defendant as more fully set forth herein above constitutes a breach of contract.

15.     As a result of the foregoing breach of contract by Defendant, Plaintiff has and continues to suffer substantial damages.

## COUNT II - UNJUST ENRICHMENT

16.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained within Paragraphs 1 through and including 15 herein as though each such allegation was set forth at length herein.

17.     As a result of the wrongful actions of the Defendant as described herein, Defendant failed and refused to make restitution to Plaintiff as agreed of and for the proceeds of which Defendant received in connection with the sale of the Entec business, the same proceeds of which Defendant has wrongfully converted to his own use.

18.     Accordingly, Defendant has bestowed upon himself benefits for which he is not entitled to, and as such Defendant has been unjustly enriched.

19.     Plaintiff has been damaged by the actions of Defendant as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff , Felicia Gross prays for judgment against Defendant, David Derhagopian as follows:

1.     As to Count I, for Breach of Contract against Defendant David Derhagopian, for compensatory damages in the amount of $3,300,000.00, consequential, punitive and special damages according to proof at trial;

2.     As to the Cause II, for Unjust Enrichment against Defendant David Derhagopian, for compensatory damages in the amount of $3,300,000.00, consequential, punitive and special damages according to proof at trial;

3.     On all Causes of Action for costs and attorney fees for prosecuting this action along with pre- and post judgment interest, costs to the extent permitted by contract, statute or law;

4.     On all Causes of Action for costs and attorney fees for prosecuting this action along with pre- and post judgment interest, costs to the extent permitted by contract, statute or law; and

5.      For such other and further relief as may be just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff, Felicia Gross hereby demands a trial by jury on all issues so triable of right.


Dated:   April 23, 2018                        Respectfully submitted,

                                               JOSEPH J. FELL, ESQ.


                                               _____
                                               JOSEPH J. FELL, ESQ. (JF 4182)
                                               866 Belmont Avenue, Suite B
                                               North Haledon, New Jersey 07508
                                               Telephone: (973) 423-5549
                                               Facsimile: (973) 427-0166
                                               joefell@joefell.com
                                               Counsel to Plaintiff, Felicia Gross